UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY KEZELI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 11-8251-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he failed to take into account the opinions of the medical expert and the treating psychiatrist who believed that she would have difficulty maintaining a job. For the reasons set forth below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II.

## SUMMARY OF PROCEEDINGS

In 2006, Plaintiff Kimberly Kezeli applied for DIB and SSI, alleging that she had been unable to work since October 2004, due to depression, bipolar disorder, anxiety, fibromyalgia, and lower back problems. (Administrative Record ("AR") 194, 212-19, 224.) The Agency denied the application initially and on reconsideration. (AR 114-22, 126-30.) She then requested and was granted a hearing before an ALJ. (AR 71, 132.) Plaintiff appeared with counsel and testified at the hearing. (AR 88-113.) The ALJ subsequently issued a decision denying benefits. (AR 30-44.) Plaintiff appealed to the Appeals Council, which denied review. (AR 13-15.) This action followed.

## III.

## ANALYSIS

A.  <u>The ALJ's Treatment of the Medical Expert's Opinion</u>

Plaintiff contends that the ALJ erred when he failed to address the medical expert's opinion that Plaintiff would have difficulty sustaining a full-time job. (Joint Stip. at 13-16, 18-19.) The Agency disagrees. Acknowledging that the ALJ failed to explicitly discuss the medical expert's opinion, it argues that the ALJ took the opinion into account and essentially adopted it in formulating the residual functional capacity finding. (Joint Stip. at 16-18.) For the following reasons, the Court finds that the ALJ erred when he failed to address the medical expert's opinion and that remand is required to give him an opportunity to do so.

The ultimate issue in this case was whether Plaintiff would be able to maintain a full-time job despite the fact that she suffered from affective disorder (either bipolar disorder or major depressive

disorder) and generalized anxiety.  Plaintiff's treating psychiatrist believed that she would not be able to do so.  The reviewing and examining doctors felt that she could.  The ALJ called a medical expert at the administrative hearing, presumably in an effort to sort this out.  This doctor summarized Plaintiff's medical and psychiatric treatment records.  (AR 103-04.)  He then pointed out that Plaintiff was working part time and questioned whether she would be able to sustain full-time employment:

> So, I mean, even though she can do these tasks like this I don't really think that she's been able to sustain these tasks.  But she's making an effort now to try to do so.  And her [treating psychiatrist], you know, Dr. Fisher back in California said she can't do it.  I'm sort of on the fence about that.  She ought to be able to do some of these things but she's heavily medicated, she's tired, she's in pain a lot and she has been missing work, so I don't know about sustainability.  *Sustainability is more like a goal than it is a reality at present time.*

(AR 105 (emphasis added).)

   The ALJ did not discuss the medical expert's opinion at all in reaching his conclusion that Plaintiff could sustain full-time work.  (AR 41-42.)  This was error.  The medical expert's opinion was critical to the resolution of this case and should have been discussed.  Had the ALJ accepted the medical expert's opinion, it appears that he would have had to conclude that Plaintiff could not hold down a full-time job.  The Court finds that remand is required to

allow the ALJ to reconcile his finding that Plaintiff can hold down a full-time job with the medical expert's opinion that sustaining full-time work is more likely "a goal than it is a reality at present time."  (AR 105.)

The Agency argues that the ALJ tacitly accepted and then adopted the medical expert's testimony in reaching his decision as evidenced by the fact that he essentially adopted the medical expert's residual functional capacity assessment.  (Joint Stip. at 16.)  This argument is rejected.  In the first place, generally speaking, the Court will not assume that an ALJ has tacitly accepted a doctor's opinion.[1]  The rules and regulations that govern social security cases as well as the case law that has developed over the years mandate that an ALJ address a doctor's opinion and explain why it is or is not entitled to weight. *See*, *e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (holding ALJ erred in disregarding medical expert's testimony without giving reasons for doing so).  The ALJ's failure to do so here was error.

Second, the Court disagrees with the Agency that the ALJ essentially adopted the medical expert's opinion.  Clearly, the medical expert was concerned that Plaintiff could not sustain full-time employment.  There is nothing in the ALJ's decision to reflect that concern.  In fact, the ALJ concluded that Plaintiff could work full time, without qualification.

---

[1] In his decision, the ALJ mentioned that the medical expert had testified in discussing the fact that Plaintiff did not meet the requirements of any of the Listings.  (AR 35.)  But, other than that brief mention, the ALJ never discussed the medical expert or the medical expert's opinions.

Finally, it defies common sense to believe that the ALJ would carefully craft a 15-page decision, discussing all of the medical evidence and all of the opinions of the other doctors and then, when it came to the basis for his residual functional capacity finding, simply leave out the evidence he was relying on, leaving it to the reader to assume that he must have been relying on the opinion of a doctor he did not discuss.

For these reasons, remand is required. On remand, the ALJ should address the medical expert's testimony and, if the ALJ concludes again that Plaintiff can work full time, he should explain how that conclusion can be reconciled with the medical expert's opinion that she cannot.

B.   <u>The Treating Doctor's Opinion</u>

Plaintiff also takes exception to the ALJ's rejection of the opinion of her treating psychiatrist Duke D. Fisher. Dr. Fisher believed that Plaintiff was completely disabled due to chronic mental illness. (AR 586.) The ALJ rejected this opinion because: (1) it was an opinion of disability, which is reserved to the ALJ; (2) it appeared to be a mere recitation of Plaintiff's description of her symptoms; (3) it was not supported by objective medical evidence; (4) Dr. Fisher's treatment was brief, only seven months; and (5) Dr. Fisher's opinion was inconsistent with the other doctors' opinions. For the reasons explained below, the Court remands this issue as well.[2]

---

[2] The Agency argues that the ALJ also based this finding on the fact that Dr. Fisher had not provided any treatment notes, citing to page 41 of the record. (Joint Stip. at 9.) The Court was unable to find any reference to Dr. Fisher's treatment notes at page 41 or any
(continued...)

Dr. Fisher's ultimate opinion that Plaintiff was disabled is an issue left to the ALJ. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). As such, the ALJ was empowered to reject that portion of the opinion for that reason. *Id.* That does not, however, support a wholesale dismissal of the entire opinion.

The ALJ was warranted in questioning Dr. Fisher's opinion because it appeared that it was based in large measure on Plaintiff's claimed symptoms and the ALJ found that Plaintiff was not credible--a finding that she does not challenge here. *See Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 602 (9th Cir. 1999) (approving ALJ's rejection of psychiatrists' opinions based, in part, on the fact that they were premised on claimant's subjective complaints, which the ALJ found to be incredible); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (upholding ALJ's rejection of treating doctor's opinion that was based solely on discredited statements claimant made to treating doctor).

The ALJ's third reason for rejecting Dr. Fisher's opinion was that it was not supported by the objective evidence in the record. (AR 41.) The ALJ does not explain what objective evidence he is referring to. As such, the Court cannot uphold the ALJ's rejection of Dr. Fisher's opinion on this ground. *See Regennitter v. Comm'r,* 166 F.3d 1294, 1299 (9th Cir. 1999) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the

---

[2] (...continued)
other page and assumes that what the Agency is referring to is the following sentence from page 41: "[Dr. Fisher's opinions] are not supported by objective or subjective evidence submitted by Dr. Fisher independently or contained elsewhere in the record." (AR 41.) The Court acknowledges that Plaintiff's failure to submit the treatment notes from Dr. Fisher undermines Dr. Fisher's opinion. On remand, Plaintiff should obtain these notes and submit them to the ALJ.

preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required[.]") (citation omitted).

The ALJ's fourth reason was that Dr. Fisher only treated Plaintiff for seven months. (AR 41.) That reason is rejected out of hand. First, seven months is more than an adequate period of time for Dr. Fisher to become well acquainted with Plaintiff's condition and render an opinion on it, particularly in light of Dr. Fisher's statement that he was seeing her every two weeks during that period. *See generally Benton v. Barnhart*, 331 F.3d 1030, 1035-39 (9th Cir. 2003) (declining to hold that doctor who may have seen patient only once did not have "treating physician" status). Second, in lieu of relying on Dr. Fisher's opinion, the ALJ chose to rely on the opinions of the examining doctor, who saw Plaintiff only once, and the reviewing doctors, who never saw her at all. (AR 41-42.) The ALJ must treat the doctors equally. If approximately 28 visits over seven months is not enough to know a patient sufficiently to render an opinion, then certainly one visit or no visits disqualify the examining and treating doctors as well. *See, e.g., Suseyi v. Astrue*, 2010 WL 842329, at *5 (W.D. Wash. Mar. 8, 2010) (holding that "having 'met claimant only once' is not a convincing or legitimate ground to reject a medical opinion. If it were, the opinions of most examining doctors . . . should be rejected.").

Finally, the ALJ concluded that Dr. Fisher's opinion was entitled to less weight because it was inconsistent with the other doctors' opinions. Though this is a valid reason for not giving a treating doctor's opinion controlling weight, *see*, *e.g.*, *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007), it is not necessarily supported by the

1  record. Though some of the doctors disagreed with Dr. Fisher, not all
2  of them did, particularly the medical expert who, like Dr. Fisher,
3  questioned whether Plaintiff could sustain full-time employment. On
4  remand, the ALJ should address this reason as well.[3]

## IV.

## CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further consideration.[4]

IT IS SO ORDERED.

DATED: November 26, 2012.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\KEZELI, 8251\memorandum opinion and order.wpd

---

[3] Where, as here, the Court finds that some of the ALJ's reasons for questioning the treating doctor are valid and others are not, the Court remands the issue to allow the ALJ to reconsider it and decide in the first instance whether the valid reasons are enough to reject the opinion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting relevant harmless error inquiry "is whether the ALJ's decision remains legally valid, despite [the ALJ's] error.").

[4] The Court has considered Plaintiff's request that the case be remanded for an award of benefits and finds that this relief is not warranted here because it is not clear whether Plaintiff is entitled to benefits.